IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID R. CHAMBERLIN,

       Plaintiff,

vs.                                            No. CIV 02-0603 JB/ACT

THE CITY OF ALBUQUERQUE, and
OFFICER ANDREW LEHOCKY, individually
and in his official capacity as police officer,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Motion in Limine No. III: Admissibility of Evidence of David Chamberlin's Prior Criminal Convictions, Arrests, and Other Uncharged Misconduct at Trial, filed June 17, 2005 (Doc. 110). The Court held a hearing on this motion on July 14, 2005. Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, the Court will grant Lehocky's motion in part and deny his motion in part.

**PROCEDURAL BACKGROUND**

At trial, Chamberlin will allege that Lehocky's use of force against him was unreasonable, violating his Fourth Amendment rights. In his answers to Lehocky's first set of interrogatories, Chamberlin stated that he did not have a clear recollection of all of the crimes with which he has been charged. Chamberlin did, however, recall the crimes for which he had been convicted. Based on Chamberlin's discovery responses and a review of court files, Lehocky represents to the Court that Chamberlin has been convicted of the following crimes: (i) negligent use of a weapon and shooting

in an inhabited dwelling; and (ii) shoplifting. Chamberlin also seeks to introduce criminal charges not resulting in convictions, which include: (i) manufacturing methamphetamine and possession of marijuana; (ii) forgery; (iii) possession of cocaine; (iv) domestic violence; and (v) shoplifting at Wal-Mart. Moreover, Lehocky wishes to introduce the following evidence on Chamberlin's acts of uncharged misconduct, which pertain to use of narcotics and alcohol, and to mental health problems: (i) threat to former tenant; (ii) use of drugs in highschool; (iii) alcohol abuse; (iv) use of narcotics on the day of the incident underlying this suit; (v) use of alcohol on various days; (vi) mental health problems, including a treating psychiatrists' and doctors' opinion about Chamberlin's mental health, and Chamberlin's admission to a mental health center; (vii) Chamberlin's statements about his prior run-ins with the police; (viii) Chamberlin's denial of drug and alcohol use on various occasions; (ix) Chamberlin's brother's contention that Chamberlin had declined slowly since 1994 when he began to have paranoid thinking and that Chamberlin had recently been caught shoplifting; and (x) Chamberlin's statements to Barry Diskant, M.D., Lehocky's medical expert, that he had a problem with alcohol, that he had not used illegal drugs for three years, that God communicates with him daily, although he acknowledged this is not normal, and that, even though he has not attempted suicide, Chamberlin often thinks of being dead and sometimes feels as though he is communicating with the dead.

## **LAW ON RULE 609(a)(1)**

Rule 609(a)(1) of the Federal Rules of Evidence provides:

For the purpose of attacking the credibility of a witness, . . .evidence that a witness . . . has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted . . . .

Under rule 403, "[i]f the danger of unfair prejudice, confusion of the issues, or misleading the jury substantially outweighs the evidence's probative value on the issue of credibility, the evidence can be excluded." Gust v. Jones, 162 F.3d 587, 596 (10th Cir. 1998).

On whether to admit the nature of the underlying offense, the United States Court of Appeals for the Tenth Circuit has held that "the 'evidence' of a felony conviction for impeachment purposes under Rule 609(a)(1) ordinarily should include the nature of that felony conviction." United States v. Howell, 285 F.3d 1263, 1267-68 (10th Cir. 2002). The Tenth Circuit discussed the different standards which apply to prior convictions offered against an accused as opposed to against a "simple witness:"

> The Rule provides that evidence of a prior conviction of a witness shall be admitted unless, pursuant to Rule 403, its probative value is *substantially* outweighed by its prejudicial effect. In contrast, evidence of a prior conviction of the accused shall be admitted unless its probative value is merely outweighed by its prejudicial effect. *See* 28 Charles Alan Wright & Victor James Gold, *Federal Practice & Procedure* § 6134 at 230 (1993) ("Rule 609(a)(1) is intended to make it harder to admit conviction evidence when offered against an accused than it is when offered against another witness.").

United States v. Howell, 285 F.3d at 1267 n.1. "'Rule 609(a)(1) requires a district court to admit evidence of the nature and number of a non-defendant witness' prior felony convictions.' Id. at 1268 (emphasis omitted)(quoting United States v. Burston, 159 F.3d 1328, 1336 (11th Cir.1998)). The Tenth Circuit adopted the reasoning of an Eleventh Circuit decision, which explained that "information about the nature of a witness's felony conviction is relevant [because] [t]he implicit assumption of Rule 609 is that prior felony convictions have probative value. Their probative value, however, necessarily varies with their nature and number." United States v. Howell, 285 F.3d at 1268 (quoting United States v. Burston, 159 F.3d at 1335). The Tenth Circuit also noted, however,

-3-

that "'the impeaching party is generally limited to establishing the bare facts of the conviction: usually the name of the offense, the date of the conviction, and the sentence.'" Id. at 1268 (quoting 4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 609.20[2] at 609-57 to 60).

The Tenth Circuit emphasized the "mandatory nature of Rule 403 balancing," id. at 1269, and held that "the court must conduct a Rule 403 balancing before determining what information about a witness's prior felony conviction, including its nature, should be admitted or excluded," id. at 1270.

## LAW ON RULE 404(a)

Rule 404(a) sets forth the general rule that character evidence is not admissible to prove that a person acted in conformity with her or her character on a specific occasion. There are, however, certain exceptions in which such evidence will be allowed. The rule provides that:

> **(a) Character Evidence Generally. -** Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:
>
> * * * *
>
> **(2) Character of Alleged Victim. -** Evidence of a pertinent trait of character of the alleged victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the alleged victim offered by the prosecution in a homicide case to rebut evidence that the alleged victim was the first aggressor.

Fed. R. Civ. P. 404(a)(2).

Although the literal language of this exception addresses only criminal cases, the Tenth Circuit has stated that, when the central issue in a civil case is criminal in nature, the defendant may invoke the exceptions to rule 404(a). See Perrin v. Anderson, 784 F.2d 1040, 1044 (10th Cir. 1986). Accord Carson v. Polley, 689 F.2d 562, 575-76 (5th Cir. 1982) (applying rule 404(a) exceptions in 42 U.S.C. § 1983 action alleging assault and battery); Crumpton v. Confederation Life Ins. Co., 672

F.2d 1248, 1253 (5th Cir. 1982) (finding that exceptions to rule 404(a) apply in civil action focusing

on whether a rape had occurred).    The Tenth Circuit noted in Perrin v. Anderson that the civil

defendant, like the criminal defendant, stands in a position of great peril.    See 784 F.2d at 1044 (citing

E. Cleary, McCormick on Evidence § 192, at 570-71 (3d ed. 1984)).    As the Tenth Circuit stated in

Perrin v. Anderson:

> A verdict against the defendants in this case would be tantamount to finding that they
> killed Perrin without cause.    The resulting stigma warrants giving them the same
> opportunity to present a defense that a criminal defendant could present.    Accordingly
> we hold that the defendants were entitled to present evidence of Perrin's character
> from which the jury could infer that Perrin was the aggressor.    The self-defense claim
> raised in this case is not functionally different from a self-defense claim raised in a
> criminal case.

784 F.2d at 1044-45.

In Perrin v. Anderson, the Tenth Circuit reviewed the admissibility of evidence similar to that

offered in this case to show that the plaintiff's decedent was the initial aggressor.    See id. at 1043-44.

In that case, the plaintiff, as administratrix of the decedent's estate and guardian of the decedent's

son, brought a 42 U.S.C. § 1983 civil rights action seeking compensatory and punitive damages

against defendant highway patrolmen for the deprivation of the decedent's civil rights when the

patrolmen shot and killed the decedent.    See id. at 1043.    Pursuant to a jury verdict, the United States

District Court for the Western District of Oklahoma entered judgment in favor of the patrolmen.    See

id. at 1040.    The administratrix appealed.    See id.

On appeal, the administratrix argued that the district court erred in admitting testimony

concerning the decedent's previous violent encounters with police under 404(a).    See id. at 1044.

The Tenth Circuit held that the defendant officers had the right to present character evidence to show

that the decedent was the initial aggressor.    See id. at 1045. The Tenth Circuit held, however, that

the district court erred by allowing character evidence in the form of testimony about prior specific incidents, i.e., the previous violent encounters with police.  See id.  Looking to Federal Rule of Evidence 405, which establishes the permissible methods of proving character under Rule 404(a)(2), the Tenth Circuit stated that "[w]hen character is used circumstantially, only reputation and opinion are acceptable forms of proof."  Id. (citing Fed. R. Evid. 405, advisory committee note).  The use of "evidence of a violent disposition to prove that the person was the aggressor in an affray" is circumstantial character evidence.  Fed. R. Evid. 404(a), advisory committee note.

A party may present testimony concerning specific instances of conduct only when "character is in issue in the 'strict sense.'"  Perrin v. Anderson, 784 F.2d at 1045 (quoting Fed. R. Evid. 405, advisory committee note).  "Character is directly in issue in the strict sense when it is 'a material fact that under the substantive law determines rights and liabilities of the parties.'"  Id. (quoting E. Cleary, McCormick on Evidence § 187, at 551 (3d ed. 1984)).  This will be the case in situations where character itself is an element of a claim or defense.  An example is the issue of the competency of the driver in an action for negligently entrusting a motor vehicle to an incompetent driver.  See Fed. R. Evid. 404, advisory committee note.  The Tenth Circuit in Perrin v. Anderson thus concluded that it had been error for the district court to rely upon the character evidence rules in permitting testimony about specific violent incidents involving the decedent.  See 784 F.2d at 1045.

## ANALYSIS

The Court will allow Lehocky to inquire about the number and nature of Chamberlin's prior felony convictions.  Lehocky also may offer opinion or reputation witnesses to testify about Chamberlin's alleged violent character.  Unless and until, however, Chamberlin offers character evidence to establish that he is a peaceful, law-abiding citizen to rebut any evidence that he has a

violent character, the Court will not permit Lehocky to introduce specific instances of conduct under rule 405(a).

## I.   THE COURT WILL ALLOW LEHOCKY TO INQUIRE ABOUT THE NUMBER AND NATURE OF CHAMBERLIN'S PRIOR FELONY CONVICTION.[1]

In his Response, Chamberlin asserts that, while it is permissible for Lehocky to inquire into the number of Chamberlin's prior convictions,[2] Lehocky cannot inquire about whether Chamberlin was convicted of a felony for firing a weapon.   In United States v. Howell, however, the Tenth Circuit clarified the permissible scope of a witness' impeachment with a prior felony under rule 609(a)(1).   See 285 F.3d at 1267-69.   Subject to rule 403 balancing, a district court should ordinarily allow the nature and number of a witness' prior felony convictions.   See id. at 1267-68.   This introduction is generally limited to the "bare facts" of the felony -- the name, the date, and the sentenced imposed.   Id. at 1268.   Thus, if the Court permits Lehocky to impeach Chamberlin with the fact that he has been convicted of a felony, Lehocky may introduce the felony's name as impeachment evidence under rule 609(a)(1).

Before allowing Lehocky to impeach Chamberlin with a prior felony conviction, however, the Court must conduct rule 403 balancing.   See United States v. Howell, 285 F.3d at 1269.   The Court cannot conclude that the prejudice of admitting his prior felony conviction for discharging a firearm

---

[1] At the July 14, 2005 hearing, the Court concluded that Chamberlin's felony conviction was not admissible under rule 609(a)(1).   In reaching this conclusion, the Court reasoned that, under rule 609(a)(1), the reverse 403 balancing test applies, and that the felony's probative value did not outweigh its prejudicial effect.   Upon a more thorough review of rule 609 and Tenth Circuit case law, because Chamberlin is a civil lawsuit plaintiff, and not an accused on trial, rule 403 governs his prior felony's admission.   See United States v. Howell, 285 F.3d at 1267 & n.1, 1268.

[2] It is not clear whether Chamberlin has more than one prior felony conviction.   Lehocky seeks admission only of the 1996 felony conviction for negligent use of a firearm and shooting in an inhabited dwelling.

in an occupied dwelling, a fourth-degree felony punishable by more than one year in prison, substantially outweighs its probative value.  The Court will therefore permit Lehocky to impeach Chamberlin with the fact he has been convicted of a felony, the felony's name, the date on which it occurred, and the sentence imposed.[3]

## II.   WITNESSES MAY OFFER OPINION OR REPUTATION TESTIMONY ABOUT WHETHER CHAMBERLIN HAS A VIOLENT CHARACTER.

In his motion, Lehocky contends that he deployed the police service dog because Chamberlin posed an immediate danger to police and others.  To support this contention, Lehocky seeks to introduce other law enforcement officers' and lay witness' opinion testimony that Chamberlin is a violent individual.  According to Lehocky, the Court should allow the officers and law witnesses, based on their prior contacts with Chamberlin and their knowledge of his criminal history, to offer testimony in the form of opinion or reputation about Chamberlin's alleged violent character.  Thus, Lehocky seeks admission of circumstantial evidence to establish Chamberlin was the initial aggressor. See Perrin v. Anderson, 784 F. 2d at 1044-45.

Under Perrin v. Anderson, the Court will allow Lehocky to present testimony by witnesses on Chamberlin's violent character, but will limit such testimony to opinion or reputation evidence. Moreover, in his motion, Lehocky does not indicate how many witnesses he wishes to introduce to provide this reputation and/or opinion testimony.  Before offering any evidence pursuant to rule 404(a)(2), Lehocky must disclose how many witnesses he intends to call to offer such testimony.  The

---

[3] The other conviction Lehocky mentions in a 1994 shoplifting conviction. Lehocky does not seek admission of this conviction under rule 609(a)(2) and, because there is no evidence that this offense was punishable by more than one year in prison, it is not admissible under rule 609(a)(1).

district court in <u>Perrin v. Anderson</u> limited the number on such witnesses, and the Court may do the same here.

## III.   UNLESS AND UNTIL CHAMBERLIN OFFERS CHARACTER EVIDENCE PORTRAYING HIM AS A PEACEFUL, LAW-ABIDING CITIZEN, THE COURT PROHIBITS LEHOCKY FROM INTRODUCING SPECIFIC INSTANCES OF CONDUCT UNDER RULE 405(a).

Lehocky maintains that, during the trial, Chamberlin may call several witnesses who might offer reputation or opinion testimony about Chamberlin being a peaceful, law-abiding citizen.  If so, Lehocky seeks to introduce specific instances of Chamberlin's prior criminal history on cross examination pursuant to rule 405(a).  At the hearing on this motion, however, Chamberlin represented that he did not intend to offer character evidence about peaceful or law-abiding characteristics.  <u>See</u> Transcript of Hearing at 47:6-9 (taken July 14, 2005).[4]  Accordingly, the Court will not allow Lehocky to present specific instances of Chamberlin's previous misconduct unless and until Chamberlin offers such character evidence.

**IT IS ORDERED** that Defendant's Motion in Limine No. III: Admissibility of Evidence of David Chamberlin's Prior Criminal Convictions, Arrests, and Other Uncharged Misconduct at Trial is granted in part and denied in part.

_____
UNITED STATES DISTRICT JUDGE

_____

[4] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any finalized transcript may contain slightly different page and/or line numbers.

*Counsel*:

Kathryn A. Hammel
The Hammel Law Firm
Albuquerque, New Mexico

*-- and --*

Dennis W. Montoya
Rio Rancho, New Mexico

　　　*Attorney for the Plaintiff*

Luis Robles
Christina E. Anaya
Robles, Rael & Anaya, P.C.
Albuquerque, New Mexico

　　　*Attorneys for Defendant Andrew Lehocky*

Kathryn Levy
　Deputy City Attorney
Albuquerque, New Mexico

　　　*Attorney for Defendant City of Albuquerque*