## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DAVID R. CHAMBERLIN,

       Plaintiff,

vs.                                                                          No. CIV 02-0603 JB/ACT

THE CITY OF ALBUQUERQUE, and OFFICER
ANDREW LEHOCKY, individually and in his
official capacity as police officer,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Andrew Lehocky's Motion to Strike

Untimely Response *[Docket No. 109]* and Entry of Default for Un-Responded to Motions *[Docket

No.s* [sic] *108, 110, 111]*, filed July 13, 2005 (Doc. 114). The Court held a hearing on this matter

on July 14, 2005. The Court took the motion under advisement and did not rule at that time. The

Court, having reviewed the docket, will deny Lehocky's motion to strike the response as untimely

and will deny the entry of default. The Court will, however, award Lehocky fees and costs incurred

in bringing this motion.

## PROCEDURAL BACKGROUND

### 1.    Chamberlin's Failure to Timely Respond to Lehocky's Motion in Limine No. II.

On June 17, 2005, Lehocky filed and served Defendant's Motion in Limine No. II: The

Exclusion of Evidence at Trial Regarding the Officers' Use of Force in Prior and Subsequent,

Unrelated Incidents, Police Standard Operating Procedures, Training, and Less Intrusive Alternatives

(Doc. 109)("MIL No. II"). Applying Local Rule 7.6(a), Chamberlin's response to MIL No. II was

due on July 5, 2005.  On July 11, 2005, Chamberlin filed his Response to MIL No. II.  See Doc. 112.

Lehocky did not grant an extension of time by which Chamberlin must file a response to MIL No. II.

**2.      Chamberlin's Failure to Timely Respond to Lehocky's Motion in Limine No. III.**

On June 17, 2005, Lehocky filed and served Defendant's Motion in Limine No. III:
Admissibility of Evidence of David Chamberlin's Prior Criminal Convictions, Arrests, and Other
Uncharged Misconduct at Trial (Doc. 110)("MIL No. III").  Applying Local Rule 7.6(a),
Chamberlin's response to MIL No. III was due on July 5, 2005.  At the time Lehocky filed this
motion, Chamberlin had not filed his response to MIL No. III.  Lehocky did not grant an extension
of time by which Chamberlin must file a response to MIL No. III.  Chamberlin decided to file a
response to Lehocky's MIL No. III on July 14, 2005, after the Court had held a hearing on Lehocky's
MIL No. III.

**3.      Chamberlin's Failure to Timely Respond to Lehocky's Motion in Limine No. IV.**

On June 17, 2005, Lehocky filed and served Defendant's Motion in Limine No. IV: The
Admission into Evidence of Plaintiff's Specific Acts of Misconduct to Refute His Claims for Damages
and to Challenge His Ability to Accurately Perceive and Recall the Events Underlying this Suit (Doc.
108)("MIL No. IV").  Applying Local Rule 7.6(a), Chamberlin's response to MIL No. IV was due
on July 5, 2005.  Chamberlin has not filed his response to MIL No. IV.  Lehocky did not grant an
extension of time by which Chamberlin must file a response to MIL No. IV.

**4.      Chamberlin's Failure to Timely Respond to Lehocky's Motion in Limine No. V.**

On June 17, 2005, Lehocky filed and served Defendant's Motion in Limine No. V:
Admissibility of Witnesses' Lay Opinions Regarding David Chamberlin's Mental State and

Intoxication and Testimony Regarding Chamberlin's Admissions (Doc. 111)("MIL No. V"). Applying Local Rule 7.6(a), Chamberlin's response to MIL No. 4 was due on July 5, 2005. Chamberlin has not filed his response to MIL No. V.  Lehocky did not grant an extension of time by which Chamberlin must file a response to MIL No. V.

  **5.**  <u>Other Delayed or Unanswered Responses.</u>

  Lehocky also identifies six other incidents in which Chamberlin did not timely submit a response to the Court: (i) Chamberlin's failure to timely file and serve a response to Lehocky's Motion to Compel No. I; (ii) Chamberlin's failure to file and serve a response to Lehocky's Motion to Compel No. II; (iii) Chamberlin's failure to file and serve a response to Defendants' Motion for Order Compelling the Plaintiff David Chamberlin to Submit a Rule 35 Examination and for Other Associated Relief; (iv) Chamberlin's failure to file and serve a response to Defendants' Motion to Bar Plaintiff's Expert, VanNess Bogardus, III From Testifying at Trial; (v) Chamberlin's failure to timely respond to Defendants' Motion for Partial Summary Judgment No. I; and (vi) Chamberlin's failure to timely response to Lehocky's Motion in Limine I.

<u>**LAW REGARDING FAILURE TO RESPOND TO MOTIONS**</u>

  According to Local Civil Rule 7.6(a), responses to motions "must be served within fourteen (14) calendar days after service of the motion."  D.N.M.LR-Civ. 7.6(a).  Under Local Civil Rule 7.1(b), the respondent's failure to serve a timely response to a motion "constitutes consent to grant the motion."

  "[L]ocal rules of practice, as adopted by the district court, 'have the force and effect of law, and are binding upon the parties and the court which promulgated them until they are changed in appropriate manner.'" <u>Smith v. Ford Motor Co.</u>, 626 F.2d 784, 796 (10th Cir. 1980)(quoting <u>Woods</u>

Constr. Co. v. Atlas Chem. Indus., Inc., 337 F.2d 888, 890 (10th Cir. 1964)). "[A]lthough district judges must follow local rules when adherence furthers the policies underlying the rules, they have discretion in applying and interpreting local rules." Hernandez v. George, 793 F.2d 264, 267 (10th Cir. 1986).

Federal courts possess inherent powers necessary "'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)(quotation omitted)(quoting Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962)). Among those inherent powers is "the ability to fashion an appropriate sanction." Id. at 44. See Chavez v. Northwest Fin. Acceptance, Inc., 129 F.3d 1408, 1419 (10th Cir. 1997)("[A] federal court possesses the authority to impose . . . sanctions on its inherent power to control and supervise its own proceedings.")(quotations omitted)(alteration in original). To sanction a respondent based on failure to respond to motions, the United States Court of Appeals for the Tenth Circuit has stated that the district courts must consider: "(1) the degree of actual prejudice to the defendant[s]; (2) the amount of interference with the judicial process; [and] (3) the culpability of the litigant." Murray v. Archambo, 132 F.3d 609, 611 (10th Cir. 1998)(quoting Hancock v. City of Okla. City, 857 F.2d 1394, 1396 (10th Cir. 1988))(quotations omitted)(alteration in the original). See Green v. Donell, 969 F.2d 915, 917 (10th Cir. 1992). "Dismissal is the appropriate sanction only when these factors outweigh the judicial system's strong predisposition to resolve cases on their merits." See Green v. Donell, 969 F.2d at 917.

## ANALYSIS

The Court has reviewed the ten occasions on which Chamberlin violated Local Civil Rule 7.6(a) in this case. The review supports Lehocky's contention that Chamberlin has a clear record of

delay and repeated failures to comply with Local Civil Rule 7.6(a).  Chamberlin, disregarding Local Civil Rule 7.6(a), filed and served his Response to MIL No. II after the deadline, did not file responses to Nos. IV, and V, and filed his Response to MIL No. III after the deadline and after the Court held a hearing on that motion.[1]

Even though there are ten separate incidents,  the Court is not convinced that Lehocky has shown that Chamberlin's noncompliance with Local Civil Rule 7.6(a) is an intentional litigation tactic or that it amounts to contumacious conduct.  With regard to the filing of responses to Lehocky motions, Chamberlin's failure to respond appears to be the product of inadvertence.  Nevertheless, the Court takes note of and expresses its dissatisfaction with Chamberlin's pattern of not providing timely responses.[2]  While the Court believes that it is best to decide these motions on the merits, the Court believes it is unfair to Lehocky for Chamberlin to not file responses but then show up at the hearing and strenuously oppose the motions.  The purpose of the Court's deadlines in civil cases are to promote a full discussion of issues; if the Court had not held a hearing, it would have had nothing from Chamberlin with which to work.  The Court will grant Lehocky attorney fees and costs for bringing this motion, but will deny Lehocky's request to deem as untimely Chamberlin's Response to Lehocky's MIL No. II and not enter default judgment on Lehocky's MIL Nos. II, III, IV, and V.

**IT IS ORDERED** that Defendant Andrew Lehocky's Motion to Strike Untimely Response (Doc. 109) and Entry of Default for Un-Responded to Motions (Docs. 108, 110, 111) is granted in part and denied in part.  The Court will not strike Chamberlin's Response to Lehocky's MIL No. II

---

[1] Although Chamberlin filed the Response on the same day of the hearing, it was not filed until after the Court completed the hearing.

[2] Kathryn Hammel, Chamberlin's co-counsel, did not make an entry of appearance in this case until November 12, 2003.

as untimely and will not enter default judgment on Lehocky's MIL Nos. II, III, IV, and V.  The Court

will grant Lehocky's attorney fees and costs for bringing this motion, but will deny attorney fees and

costs incurred in bringing any of the other motions.


_____
UNITED STATES DISTRICT JUDGE


*Counsel*:

Kathryn A. Hammel
The Hammel Law Firm
Albuquerque, New Mexico

*-- and --*

Dennis W. Montoya
Rio Rancho, New Mexico

     *Attorneys for the Plaintiff*

Luis Robles
Christina E. Anaya
Robles, Rael & Anaya, P.C.
Albuquerque, New Mexico

     *Attorneys for Defendant Andrew Lehocky*

Kathryn Levy
  Deputy City Attorney
Albuquerque, New Mexico

     *Attorney for Defendant City of Albuquerque*