# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DAVID R. CHAMBERLIN,

       Plaintiff,

vs.                                                                                        No. CIV 02-0603 JB/ACT

THE CITY OF ALBUQUERQUE, and
OFFICER ANDREW LEHOCKY, individually
and in his official capacity as police officer,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion in Limine No. II: The Exclusion of Evidence at Trial Regarding the Officers' Use of Force in Prior and Subsequent, Unrelated Incidents, Police Standard Operating Procedures, Training, and Less Intrusive Alternatives, filed June 17, 2005 (Doc. 109). The Court held a hearing on this motion on July 14, 2005. The primary issue is whether the Court should allow the Plaintiff, David R. Chamberlin, to introduce the Albuquerque Police Department's standard operating procedures (SOPs). Because of two recent decisions by the United States Court of Appeals for the Tenth Circuit, the Court will grant Lehocky's motion.

## PROCEDURAL BACKGROUND

At trial, Chamberlin will allege that Lehocky's use of force against him was unreasonable, violating his Fourth Amendment rights. Through formal and informal discovery, Chamberlin has, or may have, obtained information regarding the use of force by certain officers in prior and subsequent, unrelated incidents, Internal Affairs complaints, and civil rights lawsuits filed against the officers, and

the settlement of certain civil rights lawsuits brought against the officers.

Lehocky moves pursuant to rule 104(c) of the Federal Rules of Evidence. Lehocky contends that the Court should not admit certain evidence against him to support Chamberlin's claim against him in his individual capacity. Lehocky attempted to resolve this issue before he filed his motion. Chamberlin does not concur in this motion.

## ANALYSIS

The Court will preclude Chamberlin from introducing evidence or testimony about two prior jury verdicts against Lehocky, and will also not allow any evidence pertaining to internal affairs complaints or to other civil rights lawsuits and their settlements, if any. Moreover, the Court will exclude any evidence or testimony pertaining to standard operating procedures ("SOPs").

**I.    THE COURT WILL NOT ADMIT EVIDENCE OF OFFICERS' USE OF FORCE IN PRIOR AND SUBSEQUENT, UNRELATED INCIDENTS; INTERNAL AFFAIRS COMPLAINTS; CIVIL RIGHTS LAWSUITS; AND CIVIL LAWSUIT SETTLEMENTS.**

Chamberlin seeks to introduce the jury verdict rendered against Lehocky in Smith v. City of Albuquerque, No. Civ. 01-00416 (D.N.M., removed April 13, 2001)(Black, J.), and the jury verdict rendered in Chavez v. City of Albuquerque, No. Civ. 00-00307 (D.N.M., filed February 29, 2000)(Johnson, J.), to demonstrate maliciousness in support of plaintiff's punitive damages claim, to show that Lehocky did not act in good faith, and for credibility determination purposes. Chamberlin does not argue that Lehocky's bad acts are relevant to establishing that he violated the "objective reasonableness" standard in Graham v. Connor, 490 U.S. 386 (1989).

In Chavez v. City of Albuquerque, 402 F.3d 1039 (10th Cir. 2005), the Tenth Circuit affirmed the Honorable Judge William P. Johnson, United States District Judge's, decision to exclude evidence

of "other incidents in which arrestees claimed [Lehocky] used excessive force in deploying [the police service dog] Bart." Id. at 1046. In that case, the plaintiff had argued that these incidents demonstrated "absence of mistake or accident, or alternatively, that Lehock[]y's use of Bart constituted a 'modus operandi,' and that the district court should admit these incidents under rule 404(b). In upholding the district court's decision to exclude these prior incidents, the Tenth Circuit explained that

> none of these alternative bases for introducing 404(b)-type evidence was implicated on the facts presented. There was no claim or defense suggesting that Lehock[]y accidentally or mistakenly used the police dog. Indeed, it seems clear that he made a deliberate, conscious decision to do so. Moreover, proof of a "modus operandi" is only relevant when there is an issue regarding the defendant's identity. No such issue was raised in this case.

Id. (citations omitted). The Tenth Circuit also noted that the district court's conclusion "that such evidence was not relevant under the objective reasonableness standard of Graham v. Connor . . . is consistent with the decisions of several other federal appellate courts which have considered similar requests." Id. at 1047 n.4.

Under Chavez v. City of Albuquerque, the Court will exclude the two prior jury verdict rendered against Lehocky. The Court will also preclude Chamberlin from introducing evidence or testimony insofar as Chamberlin seeks to introduce evidence of internal affairs complaints and other civil rights lawsuits, their jury verdicts, or their settlements.

## II. THE COURT WILL NOT ALLOW CHAMBERLIN TO OFFER EVIDENCE OR TESTIMONY OF THE ALBUQUERQUE POLICE DEPARTMENT'S SOPs.

The Court will exclude any evidence of SOPs regarding lesser intrusive alternative methods of force. See Marquez v. City of Albuquerque, 399 F.3d 1216, 1222 (10th Cir. 2005)(quoting United States v. Melendez-Garcia, 28 F.3d 1046, 1052 (10th Cir. 1994)(explaining that the Fourth

Amendment "do[es] not require [police officers] to use the least intrusive means in the course of a detention, only reasonable ones")); Taylor v. Hudson, No. CIV 02-0775 JB/RHS, at 11 n.1 (D.N.M. 2003)("[E]vidence of less intrusive alternatives is irrelevant to the Fourth Amendment reasonableness inquiry and thus inadmissible.").

On whether other SOPs would be admissible, at the hearing on this motion, the Court expressed its inclination that, based on its review of the caselaw and its analysis in its Memorandum Opinion and Order in Taylor v. Hudson, CIV 02-0775 JB/RHS, filed November 21, 2003 (Doc. 74), it may allow certain SOPs as one factor a jury may consider in determining the reasonableness of Lehocky's actions under Graham v. Connor. See Transcript of Hearing at 36:12 - 37:7 (taken July 14, 2005)(hereinafter "Transcript"); id. at 45:15 - 46:1.[1] At the hearing, however, Lehocky highlighted to the Court two decisions pertaining to SOP admissibility that the Tenth Circuit decided after this Court's decision in Taylor v. Hudson -- Tanberg v. Sholtis, 401 F.3d 1151 (10th Cir. 2005), and Marquez v. City of Albuquerque, 399 F.3d 1216 (10th Cir. 2005).[2] See Transcript at 42:23-25. The Court has reviewed these recent Tenth Circuit decisions and, in light of those holdings, will not allow Chamberlin to introduce the SOPs which he has provided to the Court on Use of Force, Use of Canines, Response to the Mentally Ill/Suspected Mentally Ill, and Rights of Onlookers.

In United State v. Marquez, the Tenth Circuit disagreed with the plaintiff's contention that

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.

[2] Lehocky referred to a "trilogy" of cases that he wished the Court to review. In addition to Tanberg v. Sholtis and Marquez v. City of Albuquerque, Lehocky mentioned Chavez v. City of Albuquerque, 402 F.3d 1039 (10th Cir. 2005). The Court has reviewed and considered Chavez v. City of Albuquerque in its decision to exclude evidence of Lehocky's prior incidents. Because Chavez v. City of Albuquerque does not involve SOPs, the Court will focus its analysis on Tanberg v. Sholtis and on Marquez v. City of Albuquerque.

expert testimony about when a police dog's use is objectively reasonable and about how Lehocky's actions violated "well established law enforcement standards . . . should have been admitted since it would have been helpful to the jury in determining whether Lehocky used a reasonable amount of force." 399 F.3d at 1222.  In so holding, the Tenth Circuit explained:

> As the district court correctly noted, the Fourth Amendment "do[es] not require [police] to use the least intrusive means in the course of a detention, only reasonable ones." United States v. Melendez-Garcia, 28 F.3d 1046, 1052 (10th Cir. 1994). Similarly, "violations of state law and police procedure generally do not give rise to a 1983 claim" for excessive force. Romero v. B[]d[.] of County Comm'rs, 60 F.3d 702, 705 (10th Cir.1995); [s]ee also Wilson v. Meeks, 52 F.3d 1547, 1554 (10th Cir. 1995) (holding that "violation of a police department regulation is insufficient for liability under section 1983" for excessive force).  Both of these principles of our Fourth Amendment jurisprudence stem from the proper perspective from which to evaluate the conduct of a police officer--that "of a reasonable officer on the scene, acknowledging that the officer may be forced to make split-second judgments in certain difficult circumstances." Olsen [v. Layton Hills Mall], 312 F.3d [1304,] 1314 [(10th Cir. 2002)].  Together, they prevent the courts from engaging in "unrealistic second guessing of police officer's decisions." [United States v.] Melendez-Garcia, 28 F.3d at 1052.
>
> Here, the only issue before the jury was whether Lehocky acted as a "reasonable officer" when he ordered his police dog to apprehend Marquez.  In making this determination, the issues of whether Lehocky used the minimum amount of force to apprehend Marquez and whether Lehocky violated some "well established police procedure" are only tangentially related.  This is because even if it found Lehocky used more then the minimum amount of force necessary and violated police procedure, the jury could nonetheless find he acted reasonably. [United States v.] Melendez-Garcia, 28 F.3d at 1052; Romero [v. Bd. of County Comm'rs], 60 F.3d at 705.

United State v. Marquez, 399 F.3d at 1222.

The other recently decided Tenth Circuit decision, Tanberg v. Sholtis, also discussed the propriety of admitting SOPs as evidence of a constitutional violation in an excessive force and assault and battery case.  The Tenth Circuit held that the proffered SOP was irrelevant to the issues in the case:

> In the exclusionary rule context, the Supreme Court has rejected the use of local police regulations as a standard for evaluating constitutionality of police conduct, on the ground that such a "basis of invalidation would not apply in jurisdictions that had a different practice." Whren v. United States, 517 U.S. 806, 815 . . . (1996). That logic would seem to apply equally to damage suits under § 1983. This Court has consistently held that the violation of police regulations is insufficient to ground a § 1983 action for excessive force. Marquez v. City of Albuquerque, 399 F.3d 1216 (10th Cir.2005); Medina, 252 F.3d at 1133 (10th Cir.2001); Romero v. B[]d[.] of County Com[m]'rs of County of Lake, State of Colo., 60 F.3d 702, 705 (10th Cir. 1995); Wilson v. Meeks, 52 F.3d 1547, 1554 (10th Cir. 1995). . . . That an arrest violated police department procedures does not make it more or less likely that the arrest implicates the Fourth Amendment, and evidence of the violation is therefore irrelevant. If Officer Sholtis violated the SOP governing the use of force in effecting arrest, that fact might well be pertinent to the Albuquerque Police Department's future decisions to promote, retain, or discipline him; it is not relevant to determining if Plaintiffs' arrest violated the reasonableness requirement of the Fourth Amendment.

Tanberg v. Sholtis, 401 F.3d at 1163-64.

In light of this recent Tenth Circuit precedent, the Court holds, contrary to its decision in Taylor v. Hudson, that Chamberlin may not introduce the Albuquerque Police Department's SOPs to support its allegation that Lehocky acted unreasonably in directing his police service dog to attack the Chamberlin in violation of his Fourth Amendment rights. Although both of these decisions are distinguishable from this case in that the SOPs which Chamberlin seeks to introduce are different than those at issue in those cases and that, unlike Tanberg v. Sholtis, there is no suggestion that Chamberlin also seeks to introduce testimony about whether the police department disciplined Lehocky for violating any SOP, the cases' language is sufficiently broad and sweeping to encompass the SOPs at issue in this case. Under United State v. Marquez and Tanberg v. Sholtis, evidence of the SOPs is irrelevant to whether Lehocky acted objectively reasonably. Accordingly, the Court will preclude Chamberlin from offering testimony or evidence about SOPs on his § 1983 claim.

Moreover, in Tanberg v. Sholtis, the Tenth Circuit also addressed SOPs' admissibility when,

in addition to a § 1983 excessive force claim, the plaintiff brings a state law assault and battery claim. In <u>Tanberg v. Sholtis</u>, the Honorable Leslie Smith, United States Magistrate Judge, acknowledged that the SOPs may be relevant to whether Lehocky committed assault and battery, but nevertheless excluded the SOPs on the grounds that, under rule 403, such admission would likely lead to jury confusion. <u>See</u> 401 F.3d at 1164. The Tenth Circuit affirmed, holding that, "[g]iven . . . the likelihood that the jury could confuse legal an administrative standards," the trial court did not "abuse[] its discretion in excluding the evidence with regard to Plaintiffs' state claims." <u>Id.</u> As the Tenth Circuit explained:

> Although plaintiffs frequently wish to use administrative standards, like the Albuquerque SOPs, to support constitutional damages claims, this could disserve the objective of protecting civil liberties. Modern police departments are able--and often willing--to use administrative measures such as reprimands, salary adjustments, and promotions to encourage a high standard of public service, in excess of the federal constitutional minima. If courts treated these administrative standards as evidence of constitutional violations in damages actions under § 1983, this would create a disincentive to adopt progressive standards. Thus, we decline Plaintiffs' invitation here to use the Albuquerque Police Department's operating procedures as evidence of the constitutional standard.

<u>Id.</u> Thus, this Court concludes that, under <u>Tanberg v. Sholtis</u>, even if relevant to Chamberlin's battery claim, it will nevertheless exclude the SOPs under rule 403 to avoid jury confusion.

**IT IS ORDERED** that the Defendant's Motion in Limine No. II: The Exclusion of Evidence at Trial Regarding the Officers' Use of Force in Prior and Subsequent, Unrelated Incidents, Police Standard Operating Procedures, Training, and Less Intrusive Alternatives is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kathryn A. Hammel
The Hammel Law Firm
Albuquerque, New Mexico

*-- and --*

Dennis W. Montoya
Rio Rancho, New Mexico

      *Attorneys for the Plaintiff*

Luis Robles
Christina E. Anaya
Robles, Rael & Anaya, P.C.
Albuquerque, New Mexico

      *Attorneys for Defendant Andrew Lehocky*

Kathryn Levy
  Deputy City Attorney
Albuquerque, New Mexico

      *Attorney for Defendant City of Albuquerque*